United States District Court
Southern District of Texas
**ENTERED**
April 18, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION H-14-47-1 |
| CHERYL REED JOHNSON. | § | |

# ORDER

Pending before the Court is defendant Cheryl Reed Johnson's *pro se* Rule 60(b)(6) motion in this section 2255 lawsuit. (Docket Entry No. 206.) Having considered the motion, the record in this case and in defendant's other cases, public records for the Fifth Circuit Court of Appeals, and the applicable law, the Court denies and/or dismisses this motion for the reasons explained below.

## *Background and Claims*

Defendant pleaded guilty to several fraud-related charges in two criminal proceedings, C.A. No. 14-cr-047-1 and C.A. No.14-cr-575-1. Both cases were before this Court, and defendant was sentenced at a combined hearing on September 10, 2015, to serve 151 months in prison and a three-year term of supervised release. The Court denied defendant's combined section 2255 motion on November 21, 2017, and the Fifth Circuit Court of Appeals denied a certificate of appealability on August 14, 2018. *United States v. Johnson*, Appeal No. 17-20789 (5th Cir.).

No further action appears on this Court's docket until April 12, 2019, when defendant's pending Rule 60(b)(6) motion was docketed.[1] Defendant raises the following four grounds for relief in the motion:

1. The Court erred in entering a *Castro* warning.

2. The Court "hindered" the time bar for filing a section 2255 motion.

3. The Court failed to "examine the full merit" of defendant's ineffective assistance claim as to breach of the plea agreement.

4. The Court failed to "articulate its rationale for the conflicting findings" in its denial of section 2255 relief.

The first and second grounds constitute proper grounds for relief under Rule 60(b), and are denied. The third and fourth grounds disagree with the Court's substantive rulings in its denial of defendant's section 2255 motion, and constitute unauthorized successive habeas claims that must be dismissed for lack of jurisdiction.

### *Rule 60(b)(6) Analysis*

*Timeliness*

Defendant argues entitlement to relief under Federal Rule of Civil Procedure 60(b)(6), which is a catch-all provision allowing relief from an order for "any other reason that justifies relief." A Rule 60(b)(6) motion must be filed within a reasonable time. Although the Rule itself provides no definition of "a reasonable time," guidance can be

---

[1] Defendant asserts in the first paragraph of her motion that she filed a section 2241 motion on August 13, 2018, and that the Court denied it on March 25, 2019. Defendant does not direct the Court to the docket numbers for these alleged events, and no such events appear in the Court's docket.

2

found in Fifth Circuit Court of Appeals precedent. In *Clark v. Davis*, the Fifth Circuit stated that reasonableness turns on the particular facts and circumstances of the case. 850 F.3d 770 (5th Cir. 2017). "[T]imeliness . . . is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment." *Id.*, quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119, 120 (5th Cir. 1992).

As to defendant's *Castro* argument and its related limitations claim, defendant knew of the Court's *Castro* warning in May 2017, when the Court issued its *Castro* warning and served a copy on defendant. (Docket Entry No. 192.) Defendant subsequently filed a combined section 2255 due to the overlapping nature of her habeas claims. In appealing the denial of section 2255 relief, defendant did not challenge the *Castro* warning or its effect on limitations in her 2017 opening and 2018 amended briefing. The Fifth Circuit denied defendant a certificate of appealability on August 14, 2018, and noted that she had "move[d] this court for a certificate of appealability (COA) to appeal the district court's denial of the 28 U.S.C. § 2255 motion that she filed with respect to both of her criminal cases." Not until her motion for reconsideration on appeal, filed in September 2018, did defendant raise any issue as to the *Castro* warning. Defendant complained, as she does in the instant motion, that the *Castro* warning was erroneous and had "narrowed" her one-year limitation deadline by four months. The Fifth Circuit denied her motion for reconsideration on September 25, 2018. Similarly, defendant was aware of the Court's alleged failures to "examine the full merit" of her ineffective assistance claim or to

3

"articulate its rationale for the conflicting findings" as of the date the Court denied her section 2255 morion on November 21, 2017.

Defendant could have raised all of these arguments in a Rule 60 motion filed within a reasonable time after November 21, 2017. Nevertheless, she waited until April 2019 to seek Rule 60(b)(6) relief on these issues. Nothing in her motion justifies, excuses, or even explains this unreasonable delay, and her motion is untimely. Even assuming defendant intentionally but improperly waited until after disposition of her appeal to seek Rule 60(b)(6) relief, her unexplained lengthy delay in filing the instant motion following the Fifth Circuit's decision would still render the motion untimely.

*"Exceptional Circumstances"*

Moreover, to demonstrate "any other reason that justifies relief" under Rule 60(b)(6), a petitioner must show "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). "Such circumstances will rarely occur in the habeas context." *Id.* at 535. Defendant's untimely complaints regarding the Court's procedural and substantive actions taken in her section 2255 proceeding do not in any way present exceptional circumstances warranting the re-opening of the proceeding.

Consequently, to any extent defendant's first and second grounds constitute a true Rule 60(b)(6) motion, the motion is untimely and fails to present meritorious grounds for relief. The motion is DENIED as to the first and second grounds for relief.

## *Successive Section 2255 Habeas Petition*

However, it is clear to this Court that defendant's third and fourth Rule 60(b) motion grounds can, and should, be construed and dismissed as an unauthorized successive habeas petition.

Federal habeas review for a prisoner in federal custody is governed by 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "AEDPA limits the circumstances under which a [federal] prisoner may file a successive application for federal habeas review." *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017). "Because of the comparative leniency of Rule 60(b) [as compared to AEDPA], petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *In re Edwards*, 865 F.3d 197, 202–03 (5th Cir. 2017).

To bring a proper Rule 60(b) claim, a movant must show "a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *Id.* at 204; *see also Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010). Thus, the Fifth Circuit has cautioned that

> it is extraordinarily difficult to bring a claim of procedural defect rather than a successive habeas claim, because [p]rocedural defects are narrowly construed. They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of limitations bar. They generally do not include an attack based on the movant's own conduct, or his habeas counsel's omissions, which do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.

*Edwards*, 865 F.3d at 205, internal quotations omitted. *See also In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014).

Defendant's third and fourth Rule 60(b)(6) grounds challenge the merits of the Court's denial of her section 2255 motion. Despite defendant's apparent efforts to phrase the claims as procedural defects, the claims are at heart disagreements with the Court's substantive rulings. Thus, these grounds constitute successive section 2255 habeas claims. Because public records for the Fifth Circuit show that defendant did not obtain authorization to pursue these successive claims, the claims are DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION.[2]

*Conclusion*

Defendant's first and second Rule 60(b)(6) grounds are DENIED. Defendant's third and fourth Rule 60(b)(6) grounds are DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION.

Signed at Houston, Texas on April 17, 2019.

Gray H. Miller
Senior United States District Judge

---

[2] Even assuming defendant's third and fourth Rule 60(b) grounds for relief constituted true Rule 60(b) grounds, they would be denied as untimely and lacking exceptional circumstances.