IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-14-47-1 |
| | § | |
| CHERYL REED JOHNSON | § | |

## ORDER

Pending before the Court is defendant Johnson's *pro se* "Motion for Compassionate Release in Light of COVID-19." (Docket Entry No. 220.) Defendant asks the Court to grant an emergency reduction in her sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and release her from the Carswell FMC. She argues that she is a vulnerable inmate at risk for contracting COVID-19 due to her chronic asthma. The Government has filed a response opposing defendant's motion. (Docket Entry No. 221.)

Johnson is a 42-year-old federal prisoner serving a 151-month sentence in the Bureau of Prisons ("BOP"). She is currently housed at the Carswell Federal Medical Center ("Carswell") located in Fort Worth, Texas. Public online records show that her anticipated release date is October 20, 2024. *See* https://www.bop.gov/inmateloc/.

Federal prisoners seeking "compassionate release" must exhaust their request through BOP procedures prior to seeking relief from the courts. 18 U.S.C. § 3582(c)(1)(A). Under the statutory provisions of section 3582(c)(1)(A), this Court may not consider the substantive merits of defendant's motion until she has either exhausted all administrative rights to appeal

the BOP's decision not to bring a motion for compassionate release on her behalf, or 30 days have lapsed from the date she made such a request to the Carswell warden. Defendant acknowledges that she has not exhausted her request through the BOP and asks the Court to waive exhaustion. However, the statute sets forth no exceptions to the exhaustion requirement, nor has the Supreme Court or Fifth Circuit Court of Appeals carved out any exceptions. To date, only one federal appellate court has considered the matter directly, and it held that exhaustion is mandatory. *See United States v. Raia*, 954 F.3d 594, 596, 2020 WL 16479221, *2 (3d Cir. Apr. 2, 2020).

The Court is mindful of the problems and concerns caused by the COVID-19 pandemic for prisoners and prisons alike. Nevertheless, defendant's motion raises no exigencies that would otherwise favor waiver of exhaustion. She relays no health issues other than chronic asthma and reports no actual deterioration in her health. She does not argue or show that the BOP's written policies and plans for fighting the pandemic are inadequate, and online BOP public records reveal that only two inmates at Carswell (out of a total population of 1647 prisoners) have tested positive for COVID-19 as of April 26, 2020. No COVID-19 deaths have been reported at Carswell.[1] Defendant shows no "extraordinary and compelling reasons" at this time for a reduction in her sentence and release from BOP

---

[1] The BOP's plans and the number of positive cases per facility are maintained at https://www.bop.gov/coronavirus/. Prisoner population counts for Carswell FMC are maintained at https://www.bop.gov/locations/institutions/crw/.

that "[would be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Court declines defendant's request for an adjudication of her motion prior to exhaustion. Defendant's motion (Docket Entry No. 220) is DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION predicated on failure to exhaust.

Signed at Houston, Texas, on April 30, 2020.

_____
Gray H. Miller
Senior United States District Judge