United States District Court
Southern District of Texas
**ENTERED**
April 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-14-575-1 |
| v. | § | |
| | § | CRIMINAL ACTION NO. H-14-47-1 |
| CHERYL REED JOHNSON. | § | |

### ORDER ON LIMITED REMAND

On July 13, 2020, the Court denied defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(C)(1)(A).  Defendant filed an untimely notice of appeal on August 4, 2020.[1]  The appeal was docketed in the Fifth Circuit Court of Appeals on August 11, 2020, and remains pending under *United States v. Cheryl Johnson*, Appeal No. 20-20427, consolidated with Appeal No. 20-20452.

On October 29, 2020, the Government filed a motion in the appeal, seeking to remand the case to this Court for a determination on excusable neglect or good cause as to defendant's untimely notice of appeal.  The Fifth Circuit granted the motion on November 30, 2020, issuing the following order on limited remand:

> IT IS ORDERED that the Appellee's motion to remand to the district court for the limited purpose of determining whether the untimeliness of the notice of appeal was due to excusable neglect or good cause is GRANTED.

(Docket Entry No. 86.)

---

[1] A prisoner's notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing." FED. R. APP. P. 4(c)(1).  Here, there is no indication as to the date defendant deposited her notice of appeal in the prison's internal mail system.  Because the notice mailing was postmarked August 4, 2020, the Court deems August 4, 2020, as the date of filing.  FED. R. APP. P. 4(c)(1)(A)(ii).

### *Federal Rule of Appellate Procedure 4(b)(4)*

The relevant provision for the Court's inquiry is Federal Rule of Appellate Procedure ("FRAP") 4(b)(4).  Under FRAP 4(b)(4), "Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

"The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."  Advisory Committee Notes to Fed. R. App. P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments.

### *Implicit Finding of Excusable Neglect or Good Cause*

Following the filing of her untimely notice of appeal, defendant filed a motion for leave to proceed *in forma pauperis* on appeal.  (Docket Entry No. 79.)  Although defendant referenced the Court's order of July 21, 2020, she clearly stated she was appealing the Court's denial of her section 3582 motion.  Thus, the Court construed her motion as seeking leave to proceed *in forma pauperis* on appeal of the Court's July 13, 2020, order denying compassionate release, and granted the motion.  (Docket Entry No. 82.)  The Fifth Circuit's

docket in the consolidated appeal confirms that defendant is proceeding *in forma pauperis* on appeal.

The Fifth Circuit has held that the granting of leave to proceed *in forma pauperis* following the filing of an untimely notice of appeal constitutes an implicit finding of excusable neglect or good cause for the untimely notice of appeal:

> As a preliminary matter, we note that the Government is correct that Wells did not mail his notice of appeal within the 14 days allowed under Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *See Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998). His notice of appeal was mailed, however, within the time for seeking an extension of the appeal period under Rule 4(b)(4) and therefore served as a request to extend the appeal period based on excusable neglect. *See United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984). The district court's later grant of Wells's motion to appeal *in forma pauperis* was an implicit finding of excusable neglect. *See United States v. Quimby*, 636 F.2d 86, 89 (5th Cir. 1981); *see also* FED. R. APP. P. 4(b)(4). Accordingly, Wells's appeal is timely.

*See United States v. Wells*, Appeal No. 20-30540, *1 (5th Cir. Feb. 21, 2021).

Consequently, under *Wells* and related Fifth Circuit precedent, the Court's order granting defendant leave to proceed *in forma pauperis* on appeal in this case was an implicit finding of excusable neglect or good cause for the untimely notice of appeal.

However, inasmuch as the Fifth Circuit ordered the limited remand in this case after leave to proceed *in forma pauperis* had been granted, the Court will expressly consider whether defendant has shown excusable neglect or good cause for the filing of her untimely notice of appeal.

3

### *Motion for Extension of Time*

On December 11, 2020, after the Fifth Circuit issued its order of limited remand, defendant filed a motion to extend time to file a notice of appeal under FRAP 4(b)(4). (Docket Entry No. 87.)  In support, defendant stated she had no notice of the compassionate release denial of July 13, 2020, until she received the Court's order of July 21, 2020.

Defendant's notice of appeal was filed on August 4, 2020.  Her motion for extension of time, however, was filed four months *after* she filed her notice of appeal, and the Fifth Circuit had already docketed her appeal.  The provisions of FRAP 4(b)(4) do not authorize the Court to grant a retroactive extension of time to file a notice of appeal where the notice had been untimely filed four months earlier.  The motion for an extension of time (Docket Entry No. 87) is DENIED.

However, this does not end the Court's inquiry, as it must expressly determine whether the untimeliness of the notice of appeal was due to excusable neglect or good cause. In addressing this issue, the Court will consider the record as a whole, including factual allegations appearing in defendant's motion for an extension of time.

### *Excusable Neglect or Good Cause*

Defendant states that she was unaware of the Court's July 13, 2020, denial of her compassionate release motion until she received the Court's subsequent order of July 21, 2020.  (Docket Entry No. 87.)  Inexplicably, however, defendant fails to identify the actual date she received the order of July 21, 2020.  Had defendant deposited her handwritten, one-

sentence notice of appeal in the prison's internal mail system at any time up to and including July 27, 2020, it would have been timely filed.  FED. R. APP. P. 4(c)(1).  Although defendant states that she "actively pursued appeal immediately after finding out that her Compassionate Release was denied," she provides no specific supporting facts.  Further, although she makes generalized references to limited mail room access due to COVID-19 from March 2020 to August 2020, she again provides no specific supporting facts.

Because defendant's motion dated December 11, 2020, did not provide factual grounds establishing excusable neglect or good cause under FRAP 4(b)(4), additional facts were needed.  On January 22, 2021, the Court ordered defendant to file a more definite statement of the facts.  (Docket Entry No. 88.)  The order required a response within twenty days and was mailed to defendant at her address of record on file with the Court.  Defendant failed to respond or request additional time to respond, and the Court sent a second order, warning defendant to file a response by April 2, 2021.  (Docket Entry No. 89.)  The order was again mailed to defendant at her address of record on file with the Court, and defendant again failed to respond.  The mailings have not been returned as undeliverable.

The record before this Court evinces no excusable neglect or good cause for defendant's untimely notice of appeal.  Because defendant did not identify the date she received the Court's order of July 21, 2020, it cannot determine whether she had time to file a timely notice of appeal.  Because she failed to respond to the Court's orders for a more definite statement, it cannot determine whether the prison mail system acted to delay or deter

5

her ability to file a timely notice of appeal.  The Court expressly finds that the untimeliness

of defendant's notice of appeal was not due to excusable neglect or good cause.

### *Conclusion*

For the above reasons, the Court finds as follows:

1. The Court's granting of leave to proceed *in forma pauperis* on appeal following the untimely notice of appeal was an implicit finding of good cause for the untimely notice of appeal.

2. In the alternative, defendant has not shown that the untimeliness of her notice of appeal was due to excusable neglect or good cause.

3. Defendant's motion for an extension of time to file a notice of appeal (Docket Entry No. 87) is DENIED.

The Clerk of Court shall forward this order to the Office of the Clerk for the Fifth

Circuit Court of Appeals and provide copies to the parties.

Signed at Houston, Texas, on April 21, 2021.

Gray H. Miller
Senior United States District Judge